Norman H. Midgley
vs.    }No. 71748
Cranston Worsted Mills

October 3, 1927.

TANNER, P. J. This is an action of assumpsit with common counts and the defendant has pleaded, first, the general issue, and, further, that before action it satisfied and discharged the plaintiff's claim by payment, and of this it puts itself upon the country.

The case is heard upon demurrer to the plea of payment.

The first demurrer is to the effect that the plea of payment is in confession and avoidance and improperly concludes to the country.

There seems to be considerable learning and difference of opinion upon the subject whether a plea of payment alleges new matter.

See Ency. Pl. & Pr., subject, Payment.

However, it has, so far as we know, universally been considered in this State as a special plea which could not be put in under the general issue, and not a traverse, but a plea of new matter which should properly conclude with a verification. The defendant, however, quotes from Sec. 4931 of the General Laws of 1923 to the effect that pleadings need not be formally closed either to the Court or to the jury, but that the denial of any material allegation shall constitute an issue of fact.

We are not at all sure what is the meaning of this statute, but we should think that the conclusion of a plea with a verification or to the country would be a formal closing of the plea which is unnecessary under the statute. Perhaps, if the defendant had seen fit to leave his plea without a formal conclusion to the country, it might have been sufficient under the statute, but inasmuch as he has seen fit to employ a conclusion, we think it ought to be a correct one. If, as we have said, a plea of payment is considered in this State as new matter, the conclusion should have been a verification instead of to the country.

The demurrer upon this ground is sustained.

The second and third demurrers are to the effect that the substance of the plea is defective because it is a conclusion of law, but the plea as made is supported amply by authority.

16th Ency. Pl. & Pr. page 184.

Hurd, Civil Precedents, pages 422 and 459.

Demurrers on this ground are overruled.

The fourth demurrer is that the plea is vague and uncertain in that it does not appear whether the alleged payment was made to the assignor or to the assignee.

We do not think that the mere fact that the plaintiff has sued to the use of a third party makes it necessary to enlarge the plea, which is sanctioned by authority. Plaintiff can reply, if he sees fit, that the payment made was made to the plaintiff with notice of the assignment.

This demurrer is overruled.

For plaintiff: Swan, Keeney & Smith.

For defendant: Henshaw, Lindemuth & Baker.